Robert CREECH, Appellant,

v.

Charles McQUINN and Board of
Education of Wolfe County,
Kentucky, Appellees.

No. 95–CA–3284–MR.

Court of Appeals of Kentucky.

Feb. 21, 1997.

Discretionary Review Denied by
Supreme Court Nov. 12, 1997.

Bobby G. Wombles, Lexington, for appellant.

William H. Fogle, Mt. Sterling, for appellees.

Before, EMBERTON, MILLER and
SCHRODER, JJ.

*OPINION*

SCHRODER, Judge.

This is an appeal from an order dismissing a claim of political discrimination against a superintendent and a school board for refusal to hire appellant. Upon reviewing the appellant's arguments, the record herein and the applicable law, we affirm.

On July 19, 1992 and August 13, 1992, appellant, Robert Creech, applied for two separate teaching positions with the appellee, Board of Education of Wolfe County, Kentucky ("Board"). At that time, Creech was certified by the State of Kentucky to teach grades K–12. On August 13, 1992, Creech received a letter from appellee, Charles McQuinn, Superintendent of the Wolfe County school system, stating that Creech was not qualified to be considered for the teaching position he applied for on July 19, 1992. Creech never received a response to his application for the second teaching position.

On February 9, 1995, Creech filed suit against the Board and McQuinn, alleging that he was not hired because he had openly criticized certain members of the Board during their campaigns for election to the Board. Creech maintained that such political discrimination was prohibited by KRS 161.164(4). Upon appellees' motion to dismiss, the court ruled that the action should be dismissed because Creech did not have standing to file suit under KRS 161.164(4) and because the action was barred by the statute of limitations. This appeal by Creech followed.

KRS 161.164(4), the statute on which Creech based his action, provides as follows:

*No teacher or employee of any district board of education* shall be appointed or promoted to, or demoted or dismissed from, any position or in any way favored or discriminated against with respect to employment because of his political or religious opinions or affiliations or ethnic origin or race or color or sex or age or disabling condition. (Emphasis added.)

From our reading of this language in the above statute, it is clear that Creech was not covered by said statute as he was not a teacher or employee of any board of edu-

cation at the time he applied for the positions. The plain meaning of the statute evinces that it applies only to individuals who are already employed by a school board and not to applicants for employment. Thus, regardless of which statute of limitations applies, Creech could not maintain an action pursuant to KRS 161.164(4). That is not to say, however, that Creech could not have maintained an action for political discrimination under at least the United States Constitution, as we shall discuss further below.

In *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), the United States Supreme Court addressed the issue of political discrimination as it applies to the hiring and treatment of public employees. The employees in *Rutan, supra*, brought suit under 42 U.S.C.S. § 1983 in federal court against the Governor, the Republican Party of Illinois and Republican Party officials, claiming political discrimination with regard to their hiring and treatment as employees, in violation of the U.S. Constitution's First and Fourteenth Amendments. The Court held that it is in violation of the First Amendment for government officials to base the treatment of low-level public employees (promotions, transfers, layoffs, etc.) on the political affiliation or support of such employees, regardless of whether such employees have a legal entitlement to said treatment. The Court reasoned that such patronage practices impose significant penalties for the exercise of First Amendment rights and do not further any vital government interest. The Court went on to state that political discrimination in the hiring of public employees is also unconstitutional for the same reasons, regardless of whether the applicants have a claim of right to such employment. (We would note that two cases cited by appellees in the instant case, *Rice v. Ohio Department of Transportation*, 887 F.2d 716 (6th Cir.1989) and *Messer v. Curci*, 610 F.Supp. 179 (D.C.Ky.1985), were vacated and remanded in light of *Rutan, supra. See* 497 U.S. 1001, 110 S.Ct. 3232, 111 L.Ed.2d 744 (1990) and 497 U.S. 1001, 110 S.Ct. 3233, 111 L.Ed.2d 745 (1990), respectively.)

Given the holding in *Rutan, supra*, Creech could possibly have maintained an action un-

der the U.S. Constitution for a violation of his First Amendment rights. However, that action would have been time barred in the present case since the statute of limitations for such an action in Kentucky is one year pursuant to KRS 413.140(1)(a). *See Board of Trustees of University of Kentucky v. Hayse*, Ky., 782 S.W.2d 609 (1989).

For the reasons stated above, the order of the Wolfe Circuit Court is affirmed.

EMBERTON, J., concurs in part by separate opinion. .

MILLER, J., dissents by separate opinion.

EMBERTON, Judge, concurring in part.

I concur with the majority opinion in the result and with the reasoning in reaching that result. However, I do not necessarily concur in its discussion of *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), and its prospective application to this case.

MILLER, Judge, dissenting.

I dissent. To fulfill the purpose underlying Ky.Rev.Stat. 161.164(4), I deem it necessary to interpret same as including job applicants as well as those persons already employed.